# No. 09-1335

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**Suhail Nazim Abdullah AL SHIMARI,**
**Taha Yaseen Arraq RASHID,**
**Sa'ad Hamza Hantoosh AL-ZUBA'E,** and
**Salah Hasan Nusaif Jasim AL-EJAILI,**

Plaintiffs-Appellees,

**v.**

**CACI INTERNATIONAL INC** and
**CACI PREMIER TECHNOLOGY, INC.,**

Defendants-Appellants.

**On Appeal From The United States District Court**
**For The Eastern District of Virginia, Alexandria Division**
**Case No. 1:08-cv-00827**
**The Honorable Gerald Bruce Lee, United States District Judge**

## RESPONSE OF APPELLANTS CACI INTERNATIONAL INC AND CACI PREMIER TECHNOLOGY, INC., TO PETITION FOR REHEARING AND REHEARING EN BANC

J. William Koegel, Jr.
John F. O'Connor
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Attorneys for Appellants CACI*
*International Inc and CACI Premier*
*Technology, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

BACKGROUND ...................................................................................................2

ARGUMENT .........................................................................................................3

    A.     The Majority's Preemption Decision Does Not Warrant *En Banc* Rehearing...............................................................................................4

        1.     The Majority's Combatant Activities Preemption Analysis Is Consistent With Every Other Appellate Court to Consider the Issue...................................................................................................4

        2.     This Appeal Does Not Present a Question of Exceptional Importance That Warrants *En Banc* Rehearing .........................7

    B.     The Question of Appellate Jurisdiction Does Not Warrant *En Banc* Review ..................................................................................................11

CONCLUSION ....................................................................................................15

**TABLE OF AUTHORITIES**

Page(s)

CASES

*Aikens v. Ingram*,
  652 F.3d 496 (4th Cir. 2011) ................................................................9

*Al Shimari v. CACI Int'l Inc*,
  657 F. Supp. 2d 700 (E.D. Va. 2009) ..................................................2

*Al Shimari v. CACI Int'l Inc*,
  ___ F.3d ___ (4th Cir. Sept. 21 2011) ..........................................passim

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ...............................................................13, 14

*Barbour v. Int'l Union*,
  640 F.3d 599 (4th Cir. 2011) ................................................................9

*Boyle v. United Technologies Corp.*,
  487 U.S. 500 (1988) .........................................................................passim

*Dow v. Johnson*,
  100 U.S. 158 (1879) ...............................................................................8

*Freeland v. Williams*,
  131 U.S. 405 (1889) .............................................................................14

*Goodman v. Praxair*,
  494 F.3d 458 (4th Cir. 2007) ................................................................9

*Hamdi v. Rumsfeld*,
  542 U.S. 507 (2004) ...............................................................................7

*Henry v. Parnell*,
  652 F.3d 524 (4th Cir. 2011) ................................................................9

*Jenkins v. Medford*,
  119 F.3d 1156 (4th Cir. 1997) ..........................................................14

*Jennings v. Univ. of North Carolina*,
  482 F.3d 686 (4th Cir. 2007) ................................................................9

*Koohi v. United States*,
  976 F.2d 1328 (9th Cir. 1992) ....................................................6, 7, 10

*Mangold v. Analytic Svcs., Inc.*,
  77 F.3d 1442 (4th Cir. 1996) ......................................................13, 14

*Martin v. Halliburton*,
  618 F.3d 476 (5th Cir. 2010) .............................................................15

*McVey v. Stacy*,
  157 F.3d 271 (4th Cir. 1998) .............................................................13

*Nixon v. Fitzgerald*,
  457 U.S. 731 (1982).........................................................................13

*Richmond Med. Ctr. For Women v. Herring*,
  570 F.3d 165 (4th Cir. 2009) ...............................................................9

*Rodriguez v. Lockheed Martin Corp.*,
  627 F.3d 1259 (9th Cir. 2010) ...........................................................15

*Rux v. Repub. of Sudan*,
  461 F.3d 461 (4th Cir. 2006) .............................................................14

*Saleh v. Titan Corp.*,
  580 F.3d 1 (D.C. Cir. 2009)........................................................passim

*Sosa v. Alvarez-Machain*,
  542 U.S. 692 (2004).............................................................................8

*Swint v. Chambers County Comm'n*,
  514 U.S. 35 (1995).............................................................................14

*United States v. Am.-Foreign S.S. Corp.*,
  363 U.S. 685 (1960).............................................................................4

*United States v. Passaro*,
  577 F.3d 207 (4th Cir. 2009) ...............................................................8

*United States v. Simmons*,
  649 F.3d 237 (4th Cir. 2011) ...............................................................9

*United States v. Vann*,
  ___ F.3d ___, 2011 WL 4793230 (4th Cir. 2011) ................................................9

*Vance v. Rumsfeld*,
  ___ F.3d ___, 2011 WL 3437511 (7th Cir. 2011) ............................................10

*Voliva v. Seafarers Pension Plan*,
  858 F.2d 195 (4th Cir. 1988) .............................................................................11

*Ward v. Dixie Nat'l Life Ins. Co.*,
  257 F. App'x 620 (4th Cir. 2007) ........................................................................9

**RULES**

Fed. R. App. P. 35 ...........................................................................................4, 8, 12

**OTHER AUTHORITIES**

Brief of United States, *Carmichael v. Kellogg, Brown & Root Serv., Inc.*,
  No. 09-683 (U.S., filed May 28, 2010)...............................................................11

Brief of United States, *Saleh v. Titan Corp.*,
  No. 09-1313 (U.S., filed May 2011)......................................................................7

## INTRODUCTION

*En banc* review of this appeal is not warranted. The majority's opinion held preempted a narrow class of claims: tort claims against contractors arising from combatant activities of the military during time of war, and then only if the contractors are integrated into the military force. *See Al Shimari v. CACI Int'l Inc*, ___ F.3d ___, slip op. at 11 (4th Cir. 2011). The majority found preemption based on the same reasoning as the only other appellate decision addressing tort claims against contractors based on battle zone detention and interrogation, *Saleh v. Titan Corp.*, 580 F.3d 1, 11 (D.C. Cir. 2009), *cert. denied*, 131 S. Ct. 3055 (2011).

In twenty-nine pages of briefing,[1] Plaintiffs-Appellees ("Plaintiffs") neither acknowledge the exacting standard for *en banc* review nor make any effort to meet that standard. Plaintiffs' petition treats "high profile" as synonymous with the "question of exceptional importance" standard for rehearing a case *en banc*, when the majority's decision creates no intra- or inter-circuit conflict and has limited applicability to other cases. Indeed, other than the two cases before this Court, there is not a single pending case where aliens detained in Afghanistan or Iraq are seeking recovery from contractors for alleged injuries suffered during their

---

[1] Plaintiffs essentially doubled their page limit by incorporating by reference 14 pages of argument in their *Al Quraishi* petition. Pet. for Rehearing En Banc, *Al Quraishi v. L-3 Servs. Inc.*, No. 10-1891 (4th Cir.) (filed Oct. 5, 2011).

detention by the U.S. military. As a result, this appeal has none of the indicia typically associated with cases heard by the Court *en banc.*

## BACKGROUND

This appeal arises out of a tort suit brought by four Iraqis who were detained by the U.S. military at Abu Ghraib prison in Iraq. Plaintiffs seek damages from CACI, which provided civilian interrogators to the U.S. military.[2] Plaintiffs do not allege contact with CACI employees, but claim CACI conspired with soldiers to torture detainees and is therefore liable for the actions of its alleged co-conspirators. Plaintiffs did not sue the U.S. military or any of its members.

CACI moved to dismiss Plaintiffs' complaint on numerous grounds, including federal preemption, derivative absolute official immunity, immunity under the laws of war, and the political question doctrine. The district court dismissed claims asserted by Plaintiffs under the Alien Tort Statute—a ruling not at issue in this appeal—but denied CACI's motion to dismiss Plaintiffs' common-law tort claims. *See Al Shimari v. CACI Int'l Inc*, 657 F. Supp. 2d 700 (E.D. Va. 2009), *rev'd*, ___ F.3d ___, slip op. at 12 (4th Cir. 2011). CACI promptly noticed an appeal pursuant to the collateral order doctrine.

Six months after the district court's ruling, and while this case was on appeal, the D.C. Circuit held in *Saleh* that federal law preempted tort claims

---

[2] Both appellants are referred to collectively as "CACI."

against CACI arising out of alleged injuries incurred by detainees in Iraq. 580 F.3d at 9. The *Saleh* court held that the Constitution's delegation of war powers exclusively to the federal government, and the policies underlying the combatant activities exception to the FTCA, preempted tort claims against a contractor arising out of combatant activities where the contractor's personnel were "integrated into combatant activities over which the military retains command authority." *Id.*

On September 21, 2011, this Court issued its decision in *Al Shimari*. The majority (Judges Niemeyer and Shedd) adopted the reasoning in *Saleh* and held that federal interests in the conduct of combatant activities preempted Plaintiffs' claims. *Al Shimari*, slip op. at 11. Judge Niemeyer concurred, noting his view that Plaintiffs' claims were also barred by derivative absolute official immunity and the political question doctrine. *Id.*, slip op. at 13. Judge King dissented from the majority's preemption decision after stating his view that the Court lacked appellate jurisdiction. *Id.* at 24. Neither Judge Shedd nor Judge King stated his view on CACI's immunity and political question defenses.

## ARGUMENT

"*En banc* courts are the exception, not the rule. They are convened only when extraordinary circumstances exist that call for authoritative consideration and decision by those charged with the administration and development of the law of the circuit." *United States v. Am.-Foreign S.S. Corp.*, 363 U.S. 685, 689 (1960).

Rehearing *en banc* may be ordered only when "(1) *en banc* consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35

Plaintiffs' petition does not apply this standard; indeed, the petition does not even acknowledge it. Plaintiffs' argument is one of error correction, contending that the majority erred in finding preemption and appellate jurisdiction. Disagreement with the merits, however, does not demonstrate that review by the full court is justified. CACI submits that the majority's decision is correct and consistent with existing precedent, and that this case presents none of the characteristics generally required for *en banc* review.

### A. The Majority's Preemption Decision Does Not Warrant *En Banc* Rehearing

#### 1. The Majority's Combatant Activities Preemption Analysis Is Consistent With Every Other Appellate Court to Consider the Issue

Apart from *Al Shimari*, there is only one other appellate decision considering preemption of tort claims arising out of the U.S. military's detention of perceived enemies in combat-zone detention facilities. *Saleh*, 580 F.3d at 9. In *Saleh*, the D.C. Circuit applied the preemption framework set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and held that the appropriate preemption test for battlefield tort claims is as follows:

> During wartime, where a private service contractor is integrated into combatant activities over which the military retains command authority, a tort claim arising out of the contractor's engagement in such activities shall be preempted.

*Saleh*, 580 F.3d at 9.   Applying this test, the D.C. Circuit held that the *Saleh* plaintiffs could not maintain tort claims against CACI arising out of their detention at battle-zone interrogation facilities in Iraq.  *Id.*  The D.C. Circuit denied the *Saleh* plaintiffs' petition for rehearing *en banc*, and the Supreme Court denied review.[3]

The majority's decision in *Al Shimari* is not only consistent with *Saleh*, but applies precisely the same preemption test to identical facts.  *Al Shimari*, slip op. at 11-12 ("We hold that under these circumstances, where a civilian contractor is integrated into wartime combatant activities over which the military broadly retains command authority, tort claims arising out of the contractors' engagement in such activities are preempted.").  Thus, the majority is correct in observing that a denial of preemption would *create*, rather than resolve, a circuit split.  *Id.* at 11 n.1.

Plaintiffs' petition argues that the *Al Shimari* majority "ignores" the Supreme Court's decision in *Boyle*, Pet. 3.  But far from ignoring *Boyle*, the majority opinion engages in a lengthy discussion of *Boyle*'s facts and a detailed application of *Boyle*'s preemption framework to Plaintiffs' allegations.  *Id.* at 6-11.

---

[3] *See* Or. of 1/25/10, *Saleh v. CACI Int'l*, No. 08-7001 (D.C. Cir) (denying *en banc* rehearing); *Saleh*, 131 S. Ct. 3055 (2011) (denying *cert.* petition).

Plaintiffs also argue that CACI does not satisfy the test *Boyle* established for the government contractor defense, a defense flowing from the discretionary function exception to the FTCA. Pet. 3-4. But this case does not involve the government contractor defense. The majority's preemption ruling is based <u>not</u> on the discretionary function exception, but on the separate set of policies underlying the *combatant activities exception*. *Al Shimari*, slip op. at 8 ("Although the relevant Federal Tort Claims Act provision in *Boyle* was the discretionary function exception, when we employ the same approach to determine the nature and extent of any conflict here, the relevant provision is the combatant activities exception.").[4]

The majority's application of *Boyle* to battlefield tort claims is no outlier, as the majority applied the same preemption test and reached the same result as the D.C. Circuit in *Saleh*. 580 F.3d at 9; *see also Koohi v. United States*, 976 F.2d 1328, 1332-33 (9th Cir. 1992). In recommending denial of *certiorari* in *Saleh*, the United States opined that "[i]n giving effect to the unique federal interests at issue, the court of appeals [in *Saleh*] reasonably turned to the FTCA's combatant activities exception for guidance," and that, contrary to Plaintiffs' argument, "[t]he court of appeals' recognition of a federal preemption defense informed by the

---

[4] Having decided the appeal based on the policies underlying the combatant activities exception, the majority did not address *Saleh*'s alternative holding that the Constitution's exclusive commitment of war powers to the federal government provided a separate basis for preemption. *Saleh,* 580 F.3d at 5-14.

FTCA is generally consistent with the approach [the Supreme Court] took in *Boyle*." Brief of United States at 13, 15, *Saleh v. Titan Corp.*, No. 09-1313 (U.S., filed May 2011).[5] As the United States noted in *Saleh*, both of the then-existing appellate decisions considering combatant activities preemption—*Saleh* and *Koohi*—were in harmony (*id.* at 17), and the only development since that time is this Court's decision in *Al Shimari*, which expressly adopted the analysis in *Saleh*. Thus, the majority's preemption analysis creates no conflict with existing precedent, intra-circuit or otherwise, that would justify *en banc* rehearing.

## 2. This Appeal Does Not Present a Question of Exceptional Importance That Warrants *En Banc* Rehearing

Because *Al Shimari* is consistent with every appellate decision considering combatant activities preemption, *en banc* rehearing is warranted only if "the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). Plaintiffs ignore this requirement, relying instead on the horrific nature of their

---

[5] CACI submitted the United States' brief to the Court in a Rule 28(j) letter filed on June 1, 2011. While expressing no misgivings about the result reached in *Saleh*, the Solicitor General's brief opined that the proper focus is on whether the *military* was performing a combatant activity, and not whether the contractor was doing so. The United States also noted that the combatant activities exception focuses on whether the injuries *arise out of* a combatant activity, not whether the challenged act is *itself* a combatant activity. Brief of United States, *supra*, at 15-16. If anything, these quibbles with *Saleh*'s language would only broaden the scope of preemption in a case such as *Al Shimari*. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 518 (2004) (detention activities "by 'universal agreement and practice' are 'important incidents of war'" (citing *Ex parte Quirin*, 317 U.S. 1 (1942))).

allegations and the notoriety attendant to the Abu Ghraib prison scandal. That hardly suffices to demonstrate an important federal question under Rule 35(a).

In recommending that the Supreme Court deny *certiorari* in *Saleh*, the United States noted the "important limitations" on the reach of the court's holding:

> The [*Saleh*] court held that federal preemption is appropriate where the alleged acts occur (1) "[d]uring wartime," (2) "where a private service contractor is integrated," (3) "into combatant activities," (4) "over which the military retains command authority," (5) unless the contractor is providing services in "such a discrete manner" that they "could be judged separate and apart from combat activities of the U.S. military."

Brief of United States, *supra*, at 18. Moreover, *Al Shimari* and *Saleh* concern the availability of *tort claims*, and have no effect on application of federal criminal laws.[6] *Al Shimari* and *Saleh* do not even foreclose Plaintiffs' opportunity to seek monetary recovery. The *Saleh* court noted, and the United States confirmed, that the U.S. military will allow administrative claims based on credible claims of detainee abuse. *Saleh*, 580 F.3d at 8; Brief of United States, *supra*, at 9-10.

---

[6] *Saleh*, 580 F.3d at 8 (noting "numerous criminal and contractual enforcement options available to the government in responding to the alleged contractor misconduct"). Courts sensibly distinguish between tort suits, where the Executive lacks prosecutorial discretion, and criminal prosecutions. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 727 (2004) ("The creation of a private right of action raises issues beyond the mere consideration whether underlying primary conduct should be allowed or not, entailing, for example, a decision to permit enforcement without the check imposed by prosecutorial discretion."); *United States v. Passaro*, 577 F.3d 207, 216 (4th Cir. 2009). This distinction is consistent with cases immunizing occupation personnel from civil suits while leaving them amenable to criminal prosecution. *Dow v. Johnson*, 100 U.S. 158, 166 (1879).

It also bears mention that, apart from *Al Shimari* and *Al Quraishi*, there are no cases pending in any court in which combat-zone detainees are seeking recovery from a contractor. Both cases addressed in *Saleh* are the subject of final judgments, and the only other detainee abuse case filed against contractors, *Abbass v. CACI Premier Tech., Inc.*, No. 09-CV-229 (D.D.C.), has been dismissed. A review of this Court's docket over the past few years shows that the Court generally reserves *en banc* review for issues that transcend the case before it, and involve recurring questions affecting dozens, or even hundreds, of cases within the Circuit, or constitutional questions that have a widespread effect on how persons within the Circuit order their affairs.[7] The majority's preemption decision, which has little prospect of affecting other cases within or outside the Circuit, has none of the characteristics generally treated by this Court as justifying *en banc* review.

---

[7] *See, e.g.*, *United States v. Vann*, ___ F.3d ___, 2011 WL 4793230 (4th Cir. 2011) (standard for sentencing under Armed Career Criminal Act); *Henry v. Parnell*, 652 F.3d 524 (4th Cir. 2011) (constitutionality of police officer firing on fleeing misdemeanant); *Aikens v. Ingram*, 652 F.3d 496 (4th Cir. 2011) (standard for relief from judgment under Fed. R. Civ. P. 60(b)(6)); *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (standard for sentencing under Controlled Substances Act); *Barbour v. Int'l Union*, 640 F.3d 599 (4th Cir. 2011) (standard for timeliness of removal of cases with multiple defendants); *Richmond Med. Ctr. For Women v. Herring*, 570 F.3d 165, 171 (4th Cir. 2009) (constitutionality of Virginia partial birth infanticide statute); *Goodman v. Praxair*, 494 F.3d 458 (4th Cir. 2007) (standard for allowing "relation back" of amended complaints); *Jennings v. Univ. of North Carolina*, 482 F.3d 686 (4th Cir. 2007) (standard for sexual harassment claim under Title IX); *Ward v. Dixie Nat'l Life Ins. Co.*, 257 F. App'x 620 (4th Cir. 2007) (standard for certifying multi-state class).

Plaintiffs also recycle their argument that the *Al Shimari* majority erred because the combatant activities exception, by its statutory terms, retains sovereign immunity only for the United States and provides no statutory immunity for contractors. Pet. 6-8. This argument has been rejected—implicitly or explicitly— by all three appellate courts considering combatant activities preemption. *Al Shimari*, slip op. at 9; *Saleh*, 580 F.3d at 6; *Koohi*, 976 F.2d at 1336-37. As the D.C. Circuit succinctly explained, Plaintiffs' argument "is quarreling with *Boyle* where it was similarly argued that the FTCA could not be a basis for preemption of a suit against contractors." *Saleh*, 580 F.3d at 6.[8]

Finally, Plaintiffs disingenuously rely on a 2008 rulemaking comment to argue that the military concluded that tort claims against contractors should not be preempted. Pet. 12-14. But as noted in *Saleh*, the comment on which Plaintiffs rely is inapplicable in this circumstance. *Saleh*, 580 F.3d at 9-10. Even worse, the United States has twice rejected Plaintiffs' position. Brief of United States, *supra*, at 14-15 n.6 ("[T]o the extent there is ambiguity, DoD's response to public

---

[8] Plaintiffs also argue that the majority's decision upsets two centuries of cases allowing claims such as Plaintiffs'. Pet. 8-12. But as CACI noted in its merits reply, the few cases on which Plaintiffs rely involve libels in which judicial review was prescribed by statute, or claims by American citizens engaged in authorized conduct. *See* CACI Reply at 12-13. Plaintiffs misleadingly quote from the Seventh Circuit's decision in *Vance v. Rumsfeld*, ___ F.3d ___, 2011 WL 3437511 (7th Cir. 2011), but *Vance* is a *Bivens* suit brought by American citizens in which the Court repeatedly distinguished the case from precedent involving battle-zone claims by non-citizens. *See* CACI Rule 28(j) Letter filed Sept. 9, 2011.

comments was not intended to opine on the state of the law."); Brief for United States as *Amicus Curiae* at 12 n.4, *Carmichael v. Kellogg, Brown & Root Serv., Inc.*, No. 09-683 (U.S., filed May 28, 2010) (same). Thus, Plaintiffs characterize rulemaking commentary as a statement of the United States' view of the law, when *the United States itself* has rejected such an interpretation of its comments.

## B. The Question of Appellate Jurisdiction Does Not Warrant *En Banc* Review

Plaintiffs' Petition devotes one sentence to the majority's conclusion that it had jurisdiction over CACI's appeal, and that sentence simply incorporates the arguments Plaintiffs' counsel made in *Al Quraishi*. Pet. 2. To the extent CACI is required to respond to arguments made in a petition filed in another appeal, to which CACI is not a party, the arguments in the *Al Quraishi* petition do not provide sufficient justification for *en banc* rehearing in *Al Shimari*.

The majority's *finding* of appellate jurisdiction neither creates a circuit split nor deviates from circuit precedent. CACI asserted two immunity defenses. The district court declined to dismiss pursuant to derivative absolute official immunity, and implicitly rejected CACI's law of war immunity defense by failing to address it. *See Voliva v. Seafarers Pension Plan*, 858 F.2d 195, 197 (4th Cir. 1988).

The majority and the dissent appear to be in substantial agreement that CACI may immediately appeal denial of its law of war immunity defense. *Compare Al Quraishi*, slip op. at 10 (denial of battlefield immunity "must be

immediately appealable") *with id.* at 23 (King, J. dissenting) ("Of the remaining grounds for dismissal before the district court, only the denial of immunity under the laws of war could afford a basis for . . . appeal."). The majority did not rule on the law of war immunity defense, resolving the case on preemption grounds instead. The dissent did not address its merits, presumably for the same reason.

Thus, the majority and dissent's disagreement on jurisdiction appears limited to the *extent* of CACI's right of immediate appeal, and not *whether* such a right exists. While assuming jurisdiction over CACI's law of war immunity defense, the dissent offers two reasons for its view that no jurisdiction exists over CACI's other defenses: (1) that the language used by the district court in rejecting derivative absolute official immunity is not sufficiently conclusive to allow an immediate appeal; and (2) that under the facts of these appeals, CACI's preemption defense is not inextricably intertwined with its immunity defenses. These inquiries are intensely case-specific, and not "questions of exceptional importance" for which *en banc* review is appropriate. *See* Fed. R. App. P. 35(a).

Beyond the case-specific nature of the panel's jurisdictional disagreement, CACI submits that the majority reached the right result in finding appellate jurisdiction. Orders denying absolute immunity are immediately appealable. *See, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982). This Court squarely held in

*Mangold* that a denial of derivative absolute official immunity is immediately appealable.  *Mangold v. Analytic Svcs., Inc.*, 77 F.3d 1442, 1453 (4th Cir. 1996).

The dissent in *Al Quraishi* appears to recognize that denial of derivative absolute official immunity is immediately appealable, but concludes that no appeal right exists here because the district court stated a willingness to revisit the defense after discovery.  *See Al Quraishi*, slip op. at 23-24 (King, J., dissenting).[9]  The Supreme Court and this Court have held that a district court's willingness to revisit immunity after discovery does not insulate its denial of immunity from immediate appeal.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945 (2009) (order denying of motion to dismiss based on immunity "conclusively determine[s] that the defendant must bear the burdens of discovery"); *McVey v. Stacy*, 157 F.3d 271, 275 (4th Cir. 1998) (district court conclusion that discovery is needed to rule on immunity defense is immediately appealable).  Thus, the majority's finding that CACI could appeal denial of derivative absolute official immunity is case-specific and consistent with existing precedent.

The other case-specific jurisdictional issue on which the majority and dissent disagree is whether CACI's preemption defense, when presented with its immunity defenses, is an issue over which this Court may exercise jurisdiction.  This Court

---

[9] The district court expressed no willingness to revisit law of war immunity, which presumably is why the dissent appears to acknowledge that jurisdiction exists with respect to that immunity defense.

has jurisdiction over issues that are "'inextricably intertwined' with a question that is the proper subject of an immediate appeal." *Rux v. Repub. of Sudan*, 461 F.3d 461, 475 (4th Cir. 2006) (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 50-51 (1995)); *see also Iqbal*, 129 S. Ct. at 1945. Indeed, a court may decide an appeal on issues intertwined with the immunity issues for which an immediate appeal lies, and need not reach the immunity issue itself. *See Iqbal*, 129 S. Ct. at 1945; *Jenkins v. Medford*, 119 F.3d 1156, 1159 n.2 (4th Cir. 1997) (*en banc*).

CACI's preemption defense is inextricably intertwined with its immunity defenses. Both of CACI's immunity defenses require assessment of the federal interest involved as well as the nexus between the alleged actions of CACI's employees and the war effort in Iraq. *See Mangold*, 77 F.3d at 1446-47 (immunity appropriate for contractors performing governmental functions for which the benefits of immunity outweigh its costs); *see also Freeland v. Williams*, 131 U.S. 405, 417 (1889) (occupying personnel immune "from civil liability for any act done in the prosecution of a public war"). These considerations are substantially duplicative of, and inextricable from, the requirements for combatant activities preemption—whether CACI personnel supported a military force engaged in combatant activities and whether CACI's activities implicate "uniquely federal interests" that are in conflict with the operation of tort law. *See Boyle*, 487 U.S. at 504, 507; *Al Shimari*, slip op. at 9. Thus, the existence of appellate jurisdiction

over CACI's immunity defenses supports jurisdiction over CACI's preemption defense even if preemption, standing alone, would not be immediately appealable.

Plaintiffs argue that the majority's exercise of jurisdiction conflicts with decisions of the Fifth and Ninth Circuits,[10] but those decisions are distinguishable. In *Rodriguez*, the defendant did not assert an immunity defense, and in *Martin* the defendants did not have a substantial immunity defense subject to immediate appeal. *Rodriguez*, 627 F.3d at 1265; *Martin*, 618 F.3d at 389. By contrast, the district court here refused dismissal based on two highly-related immunity defenses, for which an immediate appeal lies, in the same order in which it denied CACI's preemption defense. Thus, the majority's approach presents no conflict.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Petition.

Respectfully submitted,

*/s/  John F. O'Connor*

J. William Koegel, Jr.
John F. O'Connor
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Attorneys for Appellants*

October 17, 2011

---

[10] *See Martin v. Halliburton*, 618 F.3d 476 (5th Cir. 2010); *Rodriguez v. Lockheed Martin Corp.*, 627 F.3d 1259 (9th Cir. 2010).

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2011, I caused a true copy of the foregoing to be filed through the Court's electronic case filing system, and served through the Court's electronic filing system on the below-listed counsel of record:

Susan L. Burke
Burke PLLC
1000 Potomac Street, N.W.
Suite 150
Washington, D.C. 20007

Raymond B. Biagini
McKenna Long & Aldridge, LLP
1900 K Street, N.W.
Washington, D.C. 20006

/s/  John F. O'Connor
_____
John F. O'Connor